IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA


LAVERN BERRYHILL,              )
                              )
          Plaintiff,           )
                              )
                              )          CIV-14-287-W
v.                            )
                              )
DEPT. OF JUSTICE, et al.,       )
                              )
          Defendants.          )


REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se*, filed this purported civil rights action

pursuant to 28 U.S.C. §§ 1331, 1361. The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Plaintiff is a well-known, prolific litigant in this Court.  He has filed numerous actions

asserting basically the same allegations of ongoing conspiracies between federal and state

officials, including the Judges of this Court, dating back to his conviction in the Oklahoma

---

[1]Public records of the Oklahoma Department of Corrections reflect that Plaintiff "Laverne"
Berryhill is confined at the Oklahoma State Penitentiary ("OSP"), McAlester, Oklahoma, serving
a 20-year term of imprisonment for his conviction of larceny of merchandise from retailer after two
or more felony convictions entered in the District Court of Oklahoma County, Case No. CF-1990-
1614.  In 2004 Plaintiff discharged the sentence entered for his conviction of larceny of merchandise
from retailer after two or more felony convictions entered in Case No. CF-1990-1250.
http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORT
AL30&doc_num=91467&offender_book_id=4412.

County District Court in two 1990 cases, Case Nos. CF-1990-1250 and CF-1990-1614, to imprison him and maintain his imprisonment. In his Complaint filed in this action, Plaintiff alleges in a rambling and largely incoherent fashion that he is entitled to relief in the form of an injunction directing Defendants United States Department of Justice and State of Oklahoma "to stop their herein officials from depriving me of my liberty." Among other scurrilous assertions directed at various federal and state officials and members of the federal judiciary, he alleges in the Complaint that a former District Judge of this Court was ordered by the Ku Klux Klan to affirm Plaintiff's convictions in Case No. CF-95-700-T.[2]

Plaintiff has sought leave to proceed *in forma pauperis* in this action. His application should be denied, and the cause of action should be dismissed unless he pays the full $400.00 filing fee.

The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified at 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in forma*

---

[2]Plaintiff appealed the order and judgment entered in Berryhill v. Addison, Case No. CIV-95-700-W, and the Tenth Circuit Court of Appeals entered an order on March 24, 2004, stating that "[t]his is Mr. Berryhill's fourth attempt to obtain authorization to file another habeas petition without meeting the requirements of 28 U.S.C. § 2244(b)(2)" and "any further applications filed by Mr. Berryhill for leave to file additional attacks on his 1990 Oklahoma convictions for larceny will be deemed denied on the thirtieth day unless this court otherwise orders." Berryhill v. Addison, Case No. 04-6029 (10th Cir. 2004)(unpublished order). The Tenth Circuit Court of Appeals subsequently denied yet another application in which Plaintiff sought leave to file a second or successive habeas petition. Berryhill v. Evans, 466 F.3d 934 (10th Cir. 2006). Thus, in the absence of authorization from the Tenth Circuit Court of Appeals, this Court would lack the jurisdiction to consider the action as a second or successive habeas petition.

*pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, __ U.S. __, 131 S.Ct. 1289, 1299-1300 (2011). To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations and citation omitted). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998).

The Court has previously found on multiple occasions that Plaintiff had three or more "strikes" under 28 U.S.C. § 1915(g) and had not shown "imminent danger" sufficient to allow him to proceed *in forma pauperis*, considering his long history of filing actions dismissed for failure to state a claim for relief and/or as frivolous. See, e.g., Berryhill v. United States, Case No. 14-91-W (W.D. Okla. Mar. 6, 2014)(Order, West, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. State of Oklahoma, Case No. CIV-13-1370-W(W.D. Okla. Feb. 26, 2014)(Order, West, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. President of Okl. City OK N.A.A.C.P, Case No. CIV-13-474-W (W.D. Okla. June 17, 2013)(Order, West, D.J.)(dismissing action as frivolous and deeming discussion of Plaintiff's in forma pauperis status unnecessary); Berryhill v. Okla. Dep't of Corr., Case No. CIV-12-279-W (W.D. Okla. Apr. 20, 2012)(Order, West, D.J.)(denying leave to proceed *in forma pauperis)*; Berryhill v. United States, Case No. CIV-12-225-C (W.D. Okla. May 22, 2012)(Order, Cauthron, D.J.)(dismissing action as frivolous as Plaintiff failed to demonstrate he is in imminenet danger of serious physical harm*);* Berryhill v.

Workman, Case No. CIV-11-363-W (W.D. Okla. Apr. 20, 2012)(Order, West, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Jones, Case No. CIV-11-307-D (W.D. Okla. Apr. 21, 2011)(Order, DeGiusti, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Miles-LaGrange, Case No. CIV-10-802-H (W.D. Okla. Sept. 30, 2010)(Order, Heaton, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Greenway, Case No. CIV-10-714-D (W.D. Okla. Aug. 4, 2010)(Order, DeGiusti, D.J.)(denying leave to proceed *in forma pauperis*); Berryhill v. Halvorson, Case No. CIV-08-197-D (W.D. Okla. Apr. 24, 2008)(Order, DeGiusti, D.J.)(denying leave to proceed *in forma pauperis)*; Berryhill v. Poppell, Case No. CIV-99-407-T (W.D. Okla. May 25, 1999)(Order, Thompson, D.J.)(denying leave to proceed *in forma pauperis)*. In these cases, Plaintiff's actions were dismissed without prejudice to refiling upon full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).

Plaintiff is clearly subject to the rule in 28 U.S.C. § 1915(g) barring him from proceeding *in forma pauperis* in any civil action unless he demonstrates that he is under imminent danger of serious physical injury. Plaintiff makes no attempt to satisfy this requirement. Plaintiff's allegations do not credibly demonstrate an *imminent* physical injury of the sort contemplated by the statute.

Moreover, Plaintiff's allegations in the Complaint are legally and factually frivolous. The Defendants named in the Complaint are protected by either sovereign, judicial, or prosecutorial immunity from Plaintiff's claims attempting to obtain relief for alleged constitutional deprivations related to his conviction and resulting imprisonment. Thus, his

claims are "based on an indisputably meritless legal theory" and are legally frivolous. Neitzke v. Williams, 490 U.S. 319, 327 (1989)(superseded by statute on other grounds). The allegations in his Complaint are clearly baseless, fantastic, and delusional, and should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)(lawsuit may be dismissed under 1915A(b)(1) "as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional'")(superseded by statute on other grounds).

Accordingly, the cause of action should be dismissed pursuant to 28 U.S.C. §1915A(b) as frivolous. Further, Plaintiff should be ordered to respond as to why sanctions should not be imposed upon him for his repeated frivolous filings.


RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice as frivolous under 28 U.S.C. § 1915A(b). Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ____ April 14th ____, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

5

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   26th   day of   March   , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE